**AFOA SANERIVE for himself and on behalf of the AFOA family of the village of Taputimu, Plaintiffs**

**v.**

**TAAIFILI MARA and TAVITA MARA and family, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 51-92

May 4, 1994

Before KRUSE, Chief Justice, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono
 Defendants appearing Pro Se

Opinion and Order:

Afoa Sanerive is the senior matai of the Afoa family of Taputimu. He seeks the eviction of defendants Taaifili and Tavita Mara from Afoa family

49

land "Lalofau," located inland of Taputimu village.

## FINDINGS

The defendants Taaifili and Tavita Mara have been planting crops on an area of Lalofau for some time now; they claim since 1976. They entered Lalofau at a time when the plaintiff Afoa was off-island on an extended absence. Afoa first found out about defendants' presence on Lalofau in 1986 after he returned to the territory. At the earlier hearing of his application for a preliminary injunction,[1] Afoa testified that after returning to the territory, he discovered that the defendants, whom he only knows as people from Western Samoa who currently reside in the village of Vailoa, had removed the various crops that he had once planted on Lalofau--cocoa, bananas, coconuts--and replanted crops of their own. Before his sojourn off-island, plaintiff was an enterprising farmer. He took great pride in his claim to have been the most-extensive cocoa planter in the area. In an earlier time he supplied the government hospital and the Van Camp cannery restaurant with bananas and other vegetables. Afoa further testified that after encountering defendants on his land he told them many times to leave; and that in his efforts to accomplish this he referred the matter to the Office of Samoan Affairs.

Despite Taaifili Mara's claim to some sort of family connection between her mother and the current Afoa's father, the latter strongly rejects any claim by Mrs. Mara to Afoa family membership. The defendants, on the other hand, have been living with and render *tautua* (traditional service) to the senior matai of the Te`o family of the neighboring Vailoa village. They candidly admit that they have never served the Afoa, although they acknowledge using Afoa's land to plant crops.

We find that the defendants are not members of the Afoa family of Taputimu; and that they do not serve the Afoa titleholder, although they have been using Afoa family land Lalofau for plantation purposes.[2]

## CONCLUSIONS

---

[1] T.C.R.C.P. 65(a)(2) provides that "any evidence received upon an application for a preliminary injunction which would be admissible upon the trial upon the merits becomes part of the record in the trial and need not be repeated upon the trial."

[2] In 1992, however, the court granted plaintiff's application for a preliminary injunction and accordingly enjoined the defendants from planting any new crops, although they were permitted to maintain and harvest existing crops.

■ The defendants are without any rights to Lalofau. They appear to harbor the mistaken belief that a family connection with the current Afoa titleholder gives them unrestricted access to Afoa family lands in Taputimu. Indeed, even if they were Afoa family members, they could not insist on using family property without the requisite *tautua* to the senior matai of the Afoa family.

> [A family member's] property rights . . . are 'conditional' to the extent that they attract reciprocal obligations towards the sa`o and family. *Fairholt v. Aulava*, 1 A.S.R.2d 73 (1983). Significant among these is the obligation to tautua. *Toleafoa v. Tiapula*, [7 A.S.R.2d 117 (1988), aff'd 12 A.S.R.2d 56 (1989)]. *Indeed, failure to tautua is grounds for eviction from family land. Leapaga v. Masalosalo*, [4 A.S.R. 868 (1962)]; *Vaotuua Family v. Puletele*, 3 A.S.R. 145 (1955).

*Seventh Day Adventist Church of American Samoa v. Maneafaiga*, 23 A.S.R.2d 150, 155 (Land & Titles Div. 1993) (emphasis added). That one matai's lands are in essence being used to render *tautua* to another is, to say the least, thoroughly repugnant to the customs and traditions of the Samoan people.

The petition for eviction and injunctive relief is, therefore, granted. The defendants Taaifili and Tavita Mara shall vacate Afoa land Lalofau within thirty (30) days hereof. Thereafter, the defendants, their children, family and household members, and all those in active concert with them, are permanently enjoined from going upon Lalofau without the prior permission of plaintiff Afoa.

It is so ordered.